# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

KELROY ANTOINE ROBERTSON

NO. 2023 KW 0875

**SEPTEMBER 14, 2023**

---

In Re:  Kelroy Antoine Robertson, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 2663-F-2023.

---

**BEFORE:  GUIDRY, C.J. CHUTZ AND LANIER, JJ.**

**WRIT GRANTED.** After conviction and before sentencing, a person *shall* be bailable if the maximum sentence which may be imposed is imprisonment for five years or less. La. Const. art. I, § 18; La. Code Crim. P. art. 312(E). The record before this court does not show that a habitual hearing has been held in this matter, and there is no indication from the record that relator will pose a danger to any other person or the community or that there is a substantial risk that relator might flee if he is admitted to postconviction bail. See La. Code Crim. P. art. 312(E). Therefore, the district court erred in denying the request for a postconviction sentencing bond when the maximum sentence which may be imposed in this case is imprisonment for five years or less. See La. R.S. 40:967(C)(2). Accordingly, the writ application is granted and this matter is remanded for a bond sentencing hearing which should be promptly held without any delay upon receipt of this court's action. The district court has the discretion to impose special conditions on release after conviction and before sentence. See La. Code Crim. P. art. 312(D).

JMG
WIL

**Chutz, J.,** would order the state to file a response to the writ application and invite a per curiam from the trial judge regarding the claim that relator is constitutionally entitled to bail pending sentencing.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT